WR-83,719-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 9/25/2015 2:57:55 PM
Accepted 9/25/2015 3:15:35 PM
ABEL ACOSTA
CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS

September 25, 2015

ABEL ACOSTA, CLERK

## TEXAS COURT OF CRIMINAL APPEALS

_____

### CASE NO.

### WR-83,719-01

_____

### IN RE STATE OF TEXAS EX REL. MATT JOHNSON
**Relator**
**Vs.**
### COURT OF APPEALS FOR THE TENTH DISTRICT, REAL PARTY IN INTEREST MATTHEW ALAN CLENDENNEN
**Respondent**

_____

**Trial Cause No. 2015-1955-2**
**In the 54th District Court, McLennan county**
**Honorable Matt Johnson, Presiding**

**Appellate Cause No. 10-14-00235-CR**
**10th Court of Appeals**
**Waco, Texas**

_____

**BRIEF OF AMICI CURIAE, 33 DEFENDANTS WRONGFULLY ACCUSED OF ENGAGING IN ORGANIZED CRIMINAL ACTIVITY \*, IN SUPPORT OF RESPONDENT MATTHEW ALAN CLENDENNEN'S RESPONSE TO THE STATE'S PETITION FOR WRIT OF MANDAMUS**

_____

ROBERT CALLAHAN
TX Bar No. 24051641
Callahan & King, PLLC
One Liberty Place
100 N. 6th Street, Suite 902
Waco, TX 76701
(254) 717-8600
(254) 313-3200 (fx)
Attorney for **William Chance Aikin**


\* A full list of amici is reproduced
   on the next page

# IDENTITY OF *AMICI CURIAE*

Susan E. Anderson,
Attorney for **Dalton Davis**
3500 Maple, Suite 400
Dallas, Texas 75219
Ph. 214-649-4090
Fx. 214-845-7006
SBN: 00794941

Bobby Dale Barina
Attorney for **Richard Martin Kreder**
455 E. Central Texas Expy, Suite 104
Harker Heights, Texas 76548
Ph. 254-699-3755
Fx. 254-699-1074
SBN: 01738480

David Conrad Beyer
Attorney for **Bill Jason McRee**
1203 Buena Vista
Suite 201
San Antonio, Texas 78207
Ph. 817-307-6471
Fx, 866-273-4786
SBN: 24090657

Monica P. Bishop
Attorney for **James Michael Devoll**
113 East Franklin
Waxahachie, Texas 75165
Ph. 972-923-1900
Fx. 972-923-0701
SBN: 24040525

Brian Bouffard
Attorney for **Jorge Salinas**
909 W. Magnolia Ave., Suite 6
Ft. Worth, Texas 76104
Ph. 817-921-6000
Fx. 817-332-3108
SBN: 2403857

Clinton Broden,
Attorney for **Burton Bergman**
and **Richard Luther**
2600 State Street
Dallas, Texas 75204
Ph. 254-720-9552
Fx. 214-720-9594
SBN: 24001495

F. Edward Brown
Attorney for **Craig Rodahl**
P.O. Box 1782
Belton, Texas 76513
Ph. 254-634-2587
Fx. 480-772-4229
SBN: 03121020

Judge (Ret.) Susan Criss and Rick Rousseau
Attorneys for **Rolando Reyes, Justin Waddington, Daryle Walker,** and **Ronald Scott Warren**
PO Box 17046
Galveston, Texas 77552
Ph. 409-515-6176
FX. 254-699-9999
SBN: 06630475
SBN: 24090929

Steven Denny
Attorney for **Owen Bartlett**
2414 Line Ave.
Amarillo, TX 79106
Ph. 806-379-2010
Fx. 806-379-2012
SBN: 24005798

A. Clay Graham
Attorney for **Lance Geneva**
855 Texas St. Suite 120
Fort Worth, Texas 76117
Ph. 817-334-0081
Fx. 817-887-1474
SBN: 24064140

Roger Haynes
Attorney for **Nathan Champeau**
3500 Maple Ave, Ste 400
Dallas, Texas 75219
Ph. 214-526-3300
Fx. 214-845-7006
SBN: 00795411

Michelle Latray
Attorney for **John Craft**
P.O. Box 122/221 W. Navasota St
Groesbeck, Texas 76642
Ph. 254-729-2059
Fx. 254-729-5540
SBN: 24029683

Phillip Linder
Attorney for **Josh Martin**
3500 Maple Ave, #400a
Dallas, TX 75219
Ph. 214-252-9900
Fx. 214-845-7006
SBN: 12363560

Jay Norton
Attorney for **Martin Lewis**
222 Main Plaza
San Antonio, Texas 78205
Ph. 210-227-5103
Fx. 210-225-2481
SBN: 15105800

Gary D. Peak
Attorney for **Michael Don Baxley**
101 W. Main
Eastland Texas
Ph. 254-629-1333
Fx. 254-631-0093
SBN: 15678670

Adam King Blackwell Reposa
Attorney for **Thomas Paul Landers, Jimmy Pond**, **Eliodoro Munguia**, **William Redding**, **Justin Garcia**, **Ares Phoinix**, and **Gilbert Zamora**
1106 San Antonio St.
Austin, Texas 78701
Ph. 512-476-7376
Fx. 512-478-1114
SBN: 24040163

Daphne Silverman
Attorney for **Royce Van Vleck**
501 N. IH-35
Austin, Texas 78702
Ph. 512-485-3003
Fx. 512-531-1658
SBN: 06739550

Gary Smart
Attorney for **Sandra Lynch**
4214 Little Rd
Arlington, Texas
Ph. 817-419-0023
Fx. 817-417-6363
SBN: 18521500

John Stickels
Attorney for **Jeremy King**
PO Box 121431
Arlington, Texas 76012
Ph. 817-330-6655
Fx. 817-622-8071
SBN: 19225300

Joshua S. Tetens
Attorney for **Roy Covey**
3706 Bellmead Dr.
Waco, Texas 76705
Ph. 254-412-2300
Fx. 888-317-7610
SBN: 24053513

John Wiersgalla
Attorney for **Narciso Luna** and **Victor Pizana**
100 N. 6th St., Suite 902
Waco, Texas 76701
Ph. 254-717-8600
Fx,. 254-313-3200
SBN: 24059231

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………....v

STATEMENT OF INTEREST OF AMICI CURIAE………………………….....1

FEE DISCLOSURE STATEMENT………………………………………………..2

SUMMARY OF ARGUMENT…………………………………………….3

ARGUMENT……………………………………………………………4

CONCLUSION………………………………………………………...10

CERTIFICATE OF SERVICE………………………………………........12

# TABLE OF AUTHORITIES

**Cases**

*Davenport v. Garcia*, 834 S.W.2d 4 (Tex. 1992)…………………………………..9

*In re Benton*, 238 S.W. 3d 587 (Tex. App. – Houston [14th Dist.] 2007, no pet)……9

*In re Graves*, 217 S.W.3d 744 (Tex. App. – Waco 2007, no pet.)…………………..9

*Patton v. Yount*, 467 U.S. 1025, 1038 (1984)………………………………………..8

**Statutes**

Article I, Section 8 of the Texas Constitution……………………………………….9

## STATEMENT OF INTERST OF *AMICI CURIAE*

*Amici* file this brief in support of Respondent, Matthew Alan Clendennen's response to the State's writ of mandamus. The State is attempting to silence those they have accused of Engaging in Organized Criminal Activity while simultaneously attempting to deprive the accused to the right to a fair trial.

As the accused, *amici* have a strong interest in ensuring their right to a fair trial is maintained. This can only be accomplished by ensuring that any prior restraint on speech imposed by a court meets constitutional requirements and take into consideration the motivation of the State in attempting to restrain the accused's right to free speech.

Due to the number of prejudicial public comments being made by the State, the only way for the accused to ensure that they receive a fair trial is to be able to exercise their right to free speech – sanitizing the foul odor of public perception which has been created by the State in an attempt to influence potential jurors.

*Amici* submit this brief to emphasize the constitutional interests at stake and to inform the Court of matters which it may not be aware, which should be considered in the Court's review of this matter.

## FEE DISCLOSURE STATEMENT

Pursuant to Rule 11(c) of the Texas Rules of Appellate Procedure, *amici* state that no fee was paid or will be paid for the preparing of this brief.

# SUMMARY OF ARGUMENT

The assertion that the state seeks this gag order to preserve the right to a fair trial is a subterfuge. The gag order which the State seeks to maintain in this case only comes after the State itself has made statements which are prejudicial in nature. Those statements have been heralded by local, state, national, and international outlets.

Moreover, because this case is so public in nature, there are national, and international, media outlets which continue to cover the progress of this case. When so many sources are speaking about the same topic publicly, restraining the speech of the accused only ensures that they will not enjoy the right to a fair trial.

*Voir Dire* has previously been held to be the best tool to root out the prejudices of the jury regarding extrajudicial statements. This court should only uphold the gag order if it is willing to hold that the statements made by the State were so prejudicial that *voir dire* will be insufficient to remedy the problem.

**1. Free Speech is the Only Recourse That the Accused Have in Light of the Fact That the District Attorney Has Publicly Invited Prejudgment of, and Expressed Opinions About, the Guilt of All the Accused**

On or about May 20, 2015, McLennan County District Attorney Abel Reyna gave an exclusive interview to Waco News Channel 25, KXXV[1] regarding the Twin Peaks situation. This interview aired less than four full days after the incident – prior to the conclusion of the investigation by law enforcement, prior to the receipt of any offense reports by many involved agencies, and at a time where only one of the 177 people arrested had bonded out of jail on the one million dollar bonds set in each case.

During this extended, eighteen minute interview, the District Attorney stated that he had already investigated the claims of innocence of the accused and that, in his view, all of the individuals arrested at Twin Peaks were guilty. He further stated that their guilt was proven by the fact that the accused did not "act like victim[s]" by waiving their right to remain silent and talking to law enforcement:

> "I've heard enough about…'most of these people were victims'. Well guess what? If they're victims, they shouldn't have any problem coming to law enforcement and cooperating to ensure that justice was done and the

4.

[1] http://www.kxxv.com/story/29120879/da-defends-1m-bonds-says-arrested-bikers-not-cooperating-with-police

individuals solely responsible are brought to justice and, at least the first round of interviews we ain't getting that".

This statement was made despite the fact that the District Attorney knew the accused had been *mirandized* and informed of their constitutional right to remain silent. He continues attacking their Fifth Amendment rights by adding:

> "I can tell you that, again, if someone is claiming that they were a victim and they decided to put on their, their jacket or whatever, and they said they're going to be a member of this gang or what have you, I can tell you this, that if you are a victim of this, then I would fully expect that you would act like a victim and I just say that I'm not seeing that."

The District Attorney continues, attacking the right to a fair and impartial trial, and the presumption of innocence, when he states:

> "I know this. I know the motto of the Cossacks is to take care of your own. So if you're showing up with those colors, you're backing your brother. And if your brother is out there shooting a gun, and you're taking care of your own, and as many weapons as were found out there, they weren't out there just to eat lunch, they weren't out there just to have their little meeting. They meant business and they fall under the definition of criminal street gang. They were engaging in organized criminal activity and at this point, that's what the evidence to us points."

In making these statements, the District Attorney has (in the public eye) lumped all 177 of the accused together, without taking into consideration any of the

circumstances of their individual cases. Since making these statements, the State has done nothing to try to mitigate the damage that was done. Likewise, the State has not acknowledged that its statements were improper attacks on the constitutional right to a fair trial. Therefore, it is disingenuous for the State to now assert that its primary motivation for the proposed gag order is to ensure that the *State* can act as the guardian for the accused's right to a fair trial. *See* p. 14, *State's Petition to Stay and Writ of Mandamus*. The best antidote to counteract the venom of these public statements is to give each of the accused the option of speaking out publicly regarding their individual circumstances.

It should also be noted that while the statements made by the State have been sweeping in nature, working against all of the 177 arrested, the Statements made by Mr. Clendennen are narrowly tailored, addressing only *his* culpability. Therefore, the State has not shown a particularized need for silencing Mr. Clendennen.

**2. The Fact that the District Attorney Has No Intention of Honoring His Proposed Gag order is Evidenced by the Fact that he Won't Stop Talking**

As though it were not enough, the District Attorney chooses to make the situation even worse. Despite the fact that Mr. Reyna has requested the gag order in this case, he has continues to give statements to the media.

On Friday, September 18, 2015, the Associated Press reported that an unknown source had leaked police reports to their organization. In response, Mr. Reyna released a statement to the media:

> "The fact that someone violated their ethical and legal obligations and the fact that the ultra-liberal AP is printing that material is evidence to me that my office is alone in trying to protect these individual's constitutional right to a fair trial…Our focus in the Twin Peaks matter will remain on the facts and the law and not the ridiculousness occurring all around it.[2]"

In response to this statement, Mr. Clendennen updated his filing to this Court stating that Mr. Reyna has appealed to this court with "unclean hands". Without filing a response, and refusing to allow this Court to determine the issue, the District Attorney continues attempting to litigate his case in the media. On Tuesday, September 22, 2015, Mr. Reyna sent a statement to News Channel 25, Waco in response to Mr. Clendennen's supplement. In that statement, News 25 reports that the District Attorney says, "The allegation that I violated the gag order in any form or fashion is just another example of the ridiculousness I referred to in my statement." *Id*.

Clearly, the District attorney has now given numerous harmful statements to the media about the matters at bar while, in the same breath, claiming to champion the need for a fair trial. His statements serve no purpose but to prejudice the accused and ingratiate his office to the potential jury pool. The great irony in all of this is that Mr. Reyna does not seem to realize that if this Court upholds his gag order then the trial court must find that he is in contempt for violating it. Thus, even the casual

---

[2] http://www.kxxv.com/story/30094230/reyna

observer must recognize that Mr. Clendennen's interest in free speech is intertwined with Mr. Reyna's own liberty interest. It would, therefore, seem that the District Attorney only petitions this court as a stall tactic to keep Mr. Clendennen silent while the State continues to speak.

3. **A Gag Order Would Only Be Appropriate If This Court is Willing to Find That the Statements Made by the State Were So Prejudicial That Voir Dire and Other Curative Measures to Negate the Effect of Any Prejudicial Publicity Could Not Fix the Problem**

The United States Supreme Court has previously held that *voir dire* is a reliable means for identifying bias in the face of pre-trial publicity. *Patton v. Yount*, 467 U.S. 1025, 1038 (1984). In *Patton*, appellant was granted a new trial due to an illegally gained confession. At the second trial, during *voir dire*, appellant moved for a change of venue due to the publicity the case had created. Appellant asserted that the release of prejudicial information made it impossible to pick a fair and impartial jury. The trial court denied appellant's request and he was convicted. In denying the requested relief, Justice Powell noted that *voir dire* is "the method we have relied on since the beginning" in order to identify bias. *Id*.

Because of the ruling of *Patton*, this court should only grant the State relief if it believes that the matter has progressed far enough that *voir dire* is incapable of fixing the problem.

As a practical matter, there are only three possibilities when it comes to the

State's assertion that there is a need for a gag order in this case:

1) The extrajudicial statements made have already tainted the potential jury pool;

2) The extrajudicial statements made *may* have tainted the potential jury pool; or

3) The extrajudicial statements made have not tainted the potential jury pool.

Addressing the first point, there is, at this point, no hard data indicating whether the jury pool has been tainted. As a practical matter, this may not be known until a hearing can be conducted for that purpose, or until *voir dire* commences.

Addressing the remaining possibilities, Article I, Section 8 of the Texas Constitution gives greater protection than the First Amendment to the United States Constitution. *Davenport v. Garcia*, 834 S.W.2d 4 (Tex. 1992). Therefore, if the extrajudicial statements made by the State *may* have tainted the potential jury pool, or have not tainted the potential jury pool, then the proposed gag order would be an improper prior restraint on freedom of speech. *See In re Benton*, 238 S.W. 3d 587 (Tex. App. – Houston [14th Dist.] 2007, no pet); *In re Graves*, 217 S.W.3d 744 (Tex. App. – Waco 2007, no pet.). The State cannot have it both ways.

# CONCLUSION

For all the foregoing reasons, *amici curiae* respectfully urge this Court to deny the State's Petition for Writ of Mandamus and direct the district court to vacate the gag order imposed.

/s/ Robert G. Callahan, II
Robert G. Callahan, II
Counsel for Amici Curiae

Dated: September 25, 2015
Waco, Texas

## CERTIFICATE OF COMPLIANCE WITH RULE 9.4(i)(3)

This brief complies with the type-volume limitation of Texas Rule of Appellate Procedure 9.4(i)(3) because this brief contains 1,984 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1).

/s/ Robert G. Callahan, II

_____

Robert G. Callahan, II
        Counsel for Amici Curiae

Dated:        September 25, 2015
              Waco, Texas

11.

## CERTIFICATE OF SERVICE

I, Robert G. Callahan, II, certify that, on this 25th day of September, 2015, I caused copies of the foregoing Brief of Amici Curiae to be served electronically, via eFile Texas on:

F. Clinton Broden
Broden, Mickelsen, Helms & Snipes, LLP
2600 State Street
Dallas, Texas 75204
    Counsel for Respondent Matthew Alan Clendennen

Honorable Matt Johnson
54th District court
501 Washington Ave, Suite 305
Waco, Texas 76701

McLennan County District Attorney
219 N. 6th St.
Waco, Texas 76701

Tenth Court of Appeals
501 Washington Ave.
Waco, Texas 76701


       /s/ Robert G. Callahan, II
       Robert G. Callahan, II